WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathaniel Turner, Jr., | No. CV 14-1188-PHX-SMM (JZB) |
| Plaintiff, | |
| v. | **O R D E R** |
| Jacob Daniels, et al., | |
| Defendants. | |

On May 30, 2014, Plaintiff Nathaniel Turner, Jr., who is confined in the Arizona State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a June 4, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On July 7, 2014, Plaintiff filed a Motion for Documents (Doc. 7). On July 15, 2014, Plaintiff filed a First Amended Complaint (Doc. 8). The Court will dismiss the First Amended Complaint and this action.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

1 which relief may be granted, or that seek monetary relief from a defendant who is
2 immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

3 A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

9 "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

19 But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

24 **II.  First Amended Complaint**

25 In his three-count First Amended Complaint, Plaintiff names Fourth Avenue Jail Doctors Johnson, Freedman, and Balaji as Defendants.

27 In Count One, Plaintiff claims he has "been trying to get medical help for the excruciating pain that [he] suffers from for [his] spinal st[e]nosis from Dr. B. Jo[h]nson

**TERMPSREF**

- 2 -

since 1-18-14." Plaintiff claims he has been refused any medical help at all, that he talked to Defendant Johnson about his spinal stenosis pain, and that he has filed ten grievances regarding his spinal stenosis pain. Plaintiff claims that he has been forced to suffer excruciating pain for six months and that all three doctors he has talked to told him that he is scheduled to see a "back doctor" and have an MRI performed. Plaintiff claims that doctors have his 2010 MRI results and that he is being denied pain medication.

The entirety of Plaintiff's claims in Count Two are as follows: "Dr. A. Balaji refused to issue this plaintiff any medical care after several request[s] by Plaintiff."

Similarly, Plaintiff claims in Count Three that "Dr. Freedman refused to order an[y] kind of medical care for Plaintiff[']s] spinal st[e]nosis back pain."

Plaintiff seeks money damages.

## III.     Failure to State a Claim

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett*, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may

1 also be shown when a prison official intentionally denies, delays, or interferes with
2 medical treatment or by the way prison doctors respond to the prisoner's medical needs.
3 *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

4       Deliberate indifference is a higher standard than negligence or lack of ordinary
5 due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor
6 gross negligence will constitute deliberate indifference." *Clement v. California Dep't of*
7 *Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*,
8 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
9 "medical malpractice" do not support a claim under § 1983). "A difference of opinion
10 does not amount to deliberate indifference to [a plaintiff's] serious medical needs."
11 *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care,
12 without more, is insufficient to state a claim against prison officials for deliberate
13 indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407
14 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of
15 "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

16       In Count One, Plaintiff's facts do not explicitly link the denial of pain medication
17 to Defendant Johnson's actions. Plaintiff states that he informed Defendant Johnson of
18 his condition and pain, but Plaintiff does not allege that Defendant Johnson was
19 responsible for denying medication or for the delay in Plaintiff's consultation with a
20 specialist and delay in receiving an MRI. Accordingly, Plaintiff has failed to state a
21 claim against Defendant Johnson in Count One.

22       With respect to Defendants Balaji and Freedman, Plaintiff has not alleged
23 sufficiently detailed facts to state a claim against either of these Defendants. Specifically,
24 Plaintiff does not state when he was treated by either Defendant or when or how
25 Defendants were made aware of his medical condition. Conclusory and vague allegations
26 will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d
27 266, 268 (9th Cir. 1982). Accordingly, Plaintiff has failed to state a claim in Counts
28 Two and Three of the First Amended Complaint.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his First Amended Complaint, the Court will dismiss the First Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's First Amended Complaint without leave to amend.

### V. Motion for Documents

In his July 7, 2014 Motion for Documents, Plaintiff requests a copy of his Complaint in *Turner v. Wexford*, which he filed in February 2012, and also seeks the status of that case.

First, the Court notes Plaintiff's Motion is not properly filed in this case. To inquire about the status of his February 2012 case, Plaintiff should have filed a motion in that case. That said, the Court notes that *Turner v. Unknown Party*, CV 12-2064-PHX-SMM (DKD) was dismissed on March 18, 2013 because plaintiff failed to file an amended complaint in that action.

To the extent Plaintiff seeks copies of documents filed in this Court, his request will be denied. The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees ¶ 4, foll. 28 U.S.C. § 1914. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes the Court to pay for service of process on behalf of an indigent litigant and, in certain cases, to pay the costs of printing the record on appeal and preparing a transcript of proceedings, but the statute does not authorize the Court to pay the costs for an indigent litigant's general copy requests. *See*

TERMPSREF

*In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (*per curiam*) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense"); *cf. Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (Section 1915 does not authorize the district courts to waive payment of fees or expenses for witnesses). Accordingly, the Clerk of Court will provide Plaintiff with copies of documents filed with this Court only upon receipt of a written request accompanied by payment of the 50 cents per page copy fee.

**IT IS ORDERED:**

(1)   Plaintiff's July 7, 2014 Motion for Documents (Doc. 7) is **denied**.

(2)   The First Amended Complaint (Doc. 8) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(3)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(4)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 12th day of January, 2015.

_____
Stephen M. McNamee
Senior United States District Judge

TERMPSREF